KNEAFSEY & FRIEND LLP
Sean M. Kneafsey (SBN 180863)
skneafsey@kneafseyfriend.com
Michele B. Friend (SBN 203865)
mfriend@kneafseyfriend.com
800 Wilshire Blvd., Suite 710
Los Angeles, California 90017
Phone:  (213) 892-1200
Fax:  (213) 892-1208

GROSSMAN LAW OFFICES
Lee Grossman, admitted pro hac vice
lgrossman@grossmanlegal.com
225 W. Washington Street, Suite 2200
Chicago, IL 60606
Phone:  (312) 621-9000
Fax:      (312) 621-9001

Attorneys for Defendant and Counterclaimant
PULL'R HOLDING COMPANY, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM LEATHERCRAFT MFG. CO., INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PULL'R HOLDING COMPANY, LLC, a Delaware limited liability company; and DOES 1 to 5,<br><br>Defendant. | Case No.  CV10-2399 JST (PLAx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**\*\*NOTE CHANGES MADE BY COURT TO STIPULATED PROTECTIVE ORDER\*\*** |
| PULL'R HOLDING COMPANY, LLC, a Delaware limited liability company<br><br>Counterclaimant,<br><br>vs.<br><br>CUSTOM LEATHERCRAFT MFG. CO., INC., a California corporation,<br><br>Counterdefendant. | |

-1-
STIPULATED PROTECTIVE ORDER

1

**ORDER**

2      Having reviewed the Stipulation re Proposed Protective Order as provided by

3  counsel for the parties and attached hereto,

4

5  IT IS SO ORDERED.

6  SIGNED this 4th day of  April, 2011.

7

8                                                   Paul L. Abrams
                                                    UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  KNEAFSEY & FRIEND LLP
   Sean M. Kneafsey (SBN 180863)
2  skneafsey@kneafseyfriend.com
   Michele B. Friend (SBN 203865)
3  mfriend@kneafseyfriend.com
   800 Wilshire Blvd., Suite 710
4  Los Angeles, California 90017
   Phone:  (213) 892-1200
5  Fax:  (213) 892-1208

6  GROSSMAN LAW OFFICES
   Lee Grossman, admitted pro hac vice
7  lgrossman@grossmanlegal.com
   225 W. Washington Street, Suite 2200
8  Chicago, IL 60606
   Phone:  (312) 621-9000
9  Fax:      (312) 621-9001

10 Attorneys for Defendant and Counterclaimant
   PULL'R HOLDING COMPANY, LLC

11

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14

15 CUSTOM LEATHERCRAFT MFG.        | Case No.  CV10-2399 JST (PLAx)
   CO., INC., a California corporation, |
16                                   |
                                     | **STIPLUATION RE [PROPOSED]**
17        Plaintiff,                 | **PROTECTIVE ORDER**
                                     |
18     vs.                           |
                                     |
19 PULL'R HOLDING COMPANY, LLC,      |
   a Delaware limited liability company; |
20 and DOES 1 to 5,                  |
                                     |
21        Defendant.                 |

22 PULL'R HOLDING COMPANY, LLC,     |
   a Delaware limited liability company |
23                                   |
          Counterclaimant,           |
24                                   |
       vs.                           |
25                                   |
   CUSTOM LEATHERCRAFT MFG.          |
26 CO., INC., a California corporation, |
                                     |
27        Counterdefendant.          |

28

                        -1-

# STIPULATED PROTECTIVE ORDER

## GOOD CAUSE STATEMENT

WHEREAS, the parties believe that good cause exists for issuing this protective order pertaining to the documents or information described in this Order because the parties in this case are direct competitors and, based on the claims in this case, the nature of the information that will be required to be disclosed will include non-public, proprietary, and commercially sensitive information which, if access and use is not appropriately limited, could be used to the detriment of one party by the other, and by other competitors;

WHEREAS, the parties to this action believe that in the course of this Action certain information is likely to be disclosed and produced that constitutes trade secrets or other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the parties desire to limit the extent of disclosure and use of such confidential material from unauthorized use and/or further disclosure, and wish to ensure that no advantage is gained by any party by the use of such confidential material which could not have been learned had discovery in this litigation not occurred.

WHEREAS, each of the parties believes that entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure would serve its interests; and

WHEREAS, the Court finds that good cause exists for the entry of this Protective Order in this Action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development, or commercial information.

IT IS HEREBY STIPULATED, AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Protective Order shall

govern the production and/or disclosure by any party or non-party (the "Producing Party") in this Action, including, without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and testimony (such information shall hereinafter be referred to as "Discovery Material") and the handling of all such information produced or disclosed to any party (the "Receiving Party").

1.     This Protective Order shall apply to all information and documents, electronic documents, things, discovery responses and testimony designated in good faith, and with a reasonable basis,  by parties and  non-parties to this litigation, including documents produced prior to the entry of this Order as either:  (1) "CONFIDENTIAL" or (2) "HIGHLY CONFIDENTIAL --ATTORNEYS' EYES ONLY," under the terms of this Protective Order.

2.     Any Producing Party may designate any Discovery Material as "CONFIDENTIAL" ("Confidential Discovery Material") under the terms of this Protective Order if such party in good faith, and with a reasonable basis, believes that such Discovery Material contains nonpublic confidential, proprietary, commercially sensitive, or trade secret information relating to research for and production of current products, technical, business and research information regarding future products, highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations, and any non-public pending or abandoned patent applications, either foreign or domestic.  In such case, a party shall have the right to designate and mark documents as being "CONFIDENTIAL," if such documents or information relate to  proprietary information that the producing party reasonably believes is of such nature and character that **disclosure of such information to the public** would be harmful to the Producing Party.

3.     Any Producing Party may designate any Discovery Material as "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" ("Highly

- 5 -

STIPULATED PROTECTIVE ORDER

Confidential Discovery Material") under the terms of this Protective Order if such party in good faith, and with a reasonable basis, believes that such Discovery Material contains highly confidential material which comprises highly sensitive technical information relating to research for and production of current products, technical, business and research information regarding future products, highly sensitive financial information and marketing plans and forecasts, customer lists, pricing data, cost data, customer orders, customer quotations, and any non-public pending or abandoned patent applications, either foreign or domestic.  In such case, a party shall have the further right to designate and mark documents as being "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY," if such documents or information relate to  proprietary information that the producing party reasonably believes is of such nature and character that **disclosure of such information to the other party of record** would be harmful to the Producing Party.

4.      CONFIDENTIAL and HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY Discovery Material and information derived therefrom shall be used solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, proprietary, commercial, governmental, or litigation purpose.

5.      The designation of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" for purposes of this Protective Order shall be made in the following manner by the Producing Party:

a.      In the case of Rule 26 disclosures, documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, or other documentary materials (excluding depositions or other testimony) and tangible things by affixing the legend "CONFIDENTIAL" to each thing and each page containing any Confidential Discovery Material and affixing the legend "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to each page containing Highly Confidential Discovery Material.  When a Producing Party produces documents or

other tangible things for inspection, no marking need be made by the Producing

Party in advance of the inspection.  For purposes of such inspection, all documents

and tangible things produced shall be considered marked as "HIGHLY

CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Thereafter, upon selection of

specified documents or things for copying by the Receiving Party, the Producing

Party shall mark the copies of such documents and things with the appropriate

confidentiality marking at the time that the copies are produced to the Receiving

Party.

b.      In the case of depositions or other testimony, (i) by a statement

on the record by counsel during such deposition or other testimony or portion

thereof that such testimony shall be treated as Confidential or Highly Confidential

Discovery Material, or (ii) by written notice to all parties sent by counsel within

twenty (20) business days after the written transcript is made available to that

counsel.  In the foregoing instance where testimony is designated Highly

Confidential, each party shall affix to all originals and copies of transcripts in its

possession or control the appropriate confidentiality legend.

c.      In the case of information made available during an inspection of

premises, all such information shall be deemed "HIGHLY CONFIDENTIAL --

ATTORNEYS' EYES ONLY."  Counsel for the Receiving Party shall be

responsible for arranging to have the "HIGHLY CONFIDENTIAL --

ATTORNEYS' EYES ONLY" legend affixed to all notes, drawings, photographs,

videotapes or other documents and copies or portions thereof made at or as a result

of the inspection and shall provide counsel for Producing Party with copies of all

such drawings, videotapes, photographs, or other documents with ten (10) business

days of the visit.

d.      The inadvertent or unintentional disclosure by the Producing Party of

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES

ONLY" information either by way of document production or deposition testimony,

**STIPULATED PROTECTIVE ORDER**

regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to the information disclosed.  Any such inadvertently or unintentionally disclosed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, not designated as such pursuant to paragraph 2, 3 or 5, shall be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure.  The Receiving Party shall thereafter mark, and treat the materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate, and such materials shall be fully subject to this Protective Order as if they had been initially so designated.

6.    Discovery Material designated "CONFIDENTIAL" may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the following:

a.    counsel of record for the parties in this Action, members of their firms, associate attorneys, paralegal, clerical and other regular or temporary employees of counsel necessary to assist in the conduct of this Action for use in accordance with this Protective Order;

b.    the Receiving Party, but only as necessary to provide assistance in the conduct and evaluation of this Action;

c.    outside consultants, experts, or non-technical jury or trial consulting services ("Consultants") retained by a party in this Action provided that any Consultant who is employed in the work gear industry ("Industry Consultant") shall be identified by delivering to the Producing Party the name, address and a curriculum vitae of the Industry Consultant in writing at least seven (7) business days prior to any disclosure of Discovery Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  During such seven (7) day period, opposing counsel may object to the disclosure of the

- 8 -

**STIPULATED PROTECTIVE ORDER**

designated material to the identified Industry Consultant and such objection shall bar the disclosure of the designated material to that person until the parties agree otherwise or until the Court rules otherwise;

            d.     the Producing Party;

            e.     third parties who authored, created or received  the document;

            f.     any person indicated on the document as being the creator, author, sender or recipient of the material;

            g.     the Court, court personnel and court reporters;

            h.     outside photocopying, imaging, data base, graphics or design services retained by outside counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Action;

            i.     other persons only upon Order of the Court for good cause shown or upon written stipulation of the Producing Party.

       7.     Discovery Material designated "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may be disclosed, summarized, described or otherwise communicated or made available in whole or in part only to those individuals in sub-paragraph 6(a), (c), (d), (e), (f), (g), (h) and (i).

       8.     Each person to be given access to Highly Confidential Discovery Material (collectively "Material") pursuant to this Protective Order listed in sub-paragraphs 6(c) and 6(i) shall be provided with a copy of this Protective Order and shall be advised that (a) the Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) that the violation of the terms of the Protective Order (by use of the Material in any impermissible manner) may subject the person to punishment for contempt of a Court Order.  Any such person to be given access to Material must first read the Protective Order, and must execute, in the form attached hereto as Exhibit A, an Undertaking to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this

**STIPULATED PROTECTIVE ORDER**

Order.  The original Undertaking shall be retained by counsel giving access to the Material.  If Material is to be disclosed during a deposition or trial, the agreement to be bound and subject to jurisdiction may be made on the record and under oath, rather than in writing, and any objections may also be made orally.  Pending resolution of such objections, no disclosures of Material may be made.

9.    If "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information is to be the subject of examination in deposition of non-party witnesses not previously entitled to access thereto under paragraphs 6 or 7, the following procedures shall apply.  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information shall not be provided to any such person without (a) the Producing Party's prior written consent or oral consent during a deposition on the record, or (b) order of the Court upon motion and notice.  After receiving such consent, the party seeking to use the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during a deposition shall obtain an Undertaking in the form attached as Exhibit A.  Neither prior consent nor an Undertaking is required if the witness is a present or former employee or consultant of the Producing Party, or if he or she wrote or received the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information during the course of his or her employment or consultancy.

10.    Should any Confidential or Highly Confidential Discovery Material be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then, in addition to any penalties for violation of this Protective Order to which the disclosing party may be subject, the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Protective Order; and the disclosing party shall: (a) promptly inform such person of all the provisions of this Protective Order; (b) immediately advise the Producing Party of the identity of Confidential or Highly Confidential Discovery Material so

**STIPULATED PROTECTIVE ORDER**

1  disclosed and the identity of the person(s) to whom it was disclosed; (c) request such

2  person to sign an Undertaking in the form attached as Exhibit A; and (d) retrieve all

3  copies of documents and things containing the inadvertently disclosed information.

4  The executed Undertaking shall be served promptly upon the Producing Party.

5      11.    In accordance with Local Rule 79.5, no document shall be filed under

6  seal without prior approval of the Court.  If confidential material is included in any

7  papers to be filed in Court, such papers shall be accompanied by an application to

8  file the papers – or confidential portion thereof – under seal; **the application must**

9  **show good cause for the under seal filing**.  The application shall be directed to the

10  judge to whom the papers are directed.  Pending the ruling on the application, the

11  papers or portions thereof subject to the sealing application shall be lodged under

12  seal. All documents of any nature, including briefs, which contain information that

13  has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL --

14  ATTORNEYS' EYES ONLY" or which contain Confidential or Highly

15  Confidential Discovery Material, which are to be filed with the Court, shall be filed

16  manually under seal in an envelope or other container marked with the title of the

17  Action, the title of the court filing which contains the Confidential Discovery

18  Material, and a statement substantially in the following form, or otherwise in a

19  manner consistent with the Local Rules of the District Court for the Central District

20  of California:

**CONFIDENTIAL [or "HIGHLY CONFIDENTIAL -¬ATTORNEYS'**
**EYES ONLY"]**

**FILED PURSUANT TO A PROTECTIVE ORDER**

**THIS ENVELOPE IS NOT TO BE OPENED NOR ARE THE**
**CONTENTS THEREOF TO BE DISPLAYED OR REVEALED EXCEPT BY**
**OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

**STIPULATED PROTECTIVE ORDER**

1

2      12.     Entering into, agreeing to, and/or producing or receiving Confidential

3   or Highly Confidential Discovery Material or otherwise complying with the terms of

4   this Protective Order shall not:

5           a.     operate as an admission by any party that any particular

6   Confidential or Highly Confidential Discovery Material produced by another party

7   or non-party contains or reflects trade secrets, proprietary or commercially sensitive

8   information or any type of confidential information;

9           b.     operate as an admission by any party that the restrictions and

10  procedures set forth herein constitute adequate protection for any particular

11  information deemed by any party to be Confidential or Highly Confidential

12  Discovery Material;

13          c.     prejudice in any way the rights of any party to object to the

14  production of documents they consider not subject to discovery;

15          d.     prejudice in any way the rights of any party to object to the

16  authenticity or admissibility into evidence of any document, testimony or other

17  evidence subject to this Protective Order;

18          e.     prejudice in any way the rights of a party to seek determination

19  by the Court whether any Discovery Material should or should not be subject to the

20  terms of this Protective Order;

21          f.     prejudice in any way the rights of a party to petition the Court for

22  a further protective order relating to any purportedly confidential information;

23  and/or

24          g.     prevent the parties to this Protective Order from agreeing in

25  writing or on the record during a deposition or hearing in this Action to alter or

26  waive the provisions or protections provided herein with respect to any particular

27  Discovery Material.

28

**STIPULATED PROTECTIVE ORDER**

13.     Nothing herein shall be construed to limit or restrict a party's use or disclosure of its own Confidential or Highly Confidential Discovery Material for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential or Highly Confidential Discovery Material obtained lawfully by such party independently of any proceedings in this Action, or which:

a.     was already known to such party by lawful means prior to acquisition from, or disclosure by, the other party in the Action; and/or

b.     is or becomes publicly known by lawful means and through no fault or act of such party.

14.     In the event additional parties join or are joined in this Action, they shall not have access to Confidential or Highly Confidential Discovery Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Protective Order or an alternative protective Order entered by the Court.

15.     It is the present intention of the parties that the provisions of this Protective Order shall govern discovery and other pretrial and trial proceedings in this Action.  Nonetheless, each of the parties hereto shall be entitled to seek modification of this Protective Order by first conferring with one another and, if still believed necessary, by application to the Court in accordance with Local Rule 37. No change in this Protective Order that adversely affects the protection of any information, document, or thing produced or given by a non-party in this case shall be made without giving appropriate notice to that non-party and an opportunity to be heard by the Court.  If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a Joint Stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the Joint Stipulation or ex parte application as to

**STIPULATED PROTECTIVE ORDER**

why the Joint Stipulation or ex parte application, or portions thereof, should be filed under seal.

16.     The parties agree to be bound by the terms of this Protective Order pending its entry by the Court or pending the entry of an alternative thereto which is satisfactory to all parties.

17.     The provisions of this Protective Order and this Court's jurisdiction to enforce its terms shall survive the conclusion of this Action, unless this Action proceeds to trial (in which case any documents or information that was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order that are introduced into evidence at trial become public absent a continuation of this Protective Order by the Court pursuant to Paragraph 19 below).  Within sixty (60) days after receiving notice of the entry of an Order disposing of this Action prior to trial, all persons having received Confidential or Highly Confidential Discovery Material shall, upon written request of the Producing Party or its counsel, return to counsel for the Producing Party such material and all copies thereof (including summaries and excerpts) or destroy all such material and copies. Counsel shall make reasonable efforts to ensure that any Consultants it has retained abide by this provision.  Counsel shall provide a certification that all Confidential or Highly Confidential Discovery Material has been returned or destroyed pursuant to this paragraph.  Outside counsel of record in this Action shall be entitled to retain court papers, deposition and trial transcripts, exhibits and attorney work product (including court papers, transcripts, and attorney work product that contains Confidential Discovery Material) provided that such counsel, and employees of such counsel, shall not disclose any Confidential Discovery Material contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.  All material returned to the parties or their counsel by the Court likewise shall be handled in accordance with this paragraph.

18.     During the pendency of this Action, any party objecting to the designation of any Discovery Material or testimony as Confidential or Highly Confidential Discovery Material may, after making a good-faith effort to resolve any objection, move in accordance with Local Rule 37 for an Order vacating the designation.  While such an application is pending, the Discovery Material or testimony in question shall be treated as it has been designated, either Confidential or Highly Confidential Discovery Material, pursuant to this Protective Order.  The provisions of this Protective Order are not intended to shift the burden of establishing confidentiality, which shall at all times remain with the Producing Party.

19.     If this Action proceeds to trial, then one or both parties may file an application with the **District Judge** to show good cause for the continuation of this Protective Order, in whole or in part, for some or all of the information that is entered into evidence at trial and was designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order.

20.     If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which it is a party, or (c) is served with any legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of the subpoena, demand, or legal process to those who produced or designated the material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to allow the Producing Party to object to its production to the extent permitted by law.  Should the person seeking access to the Confidential or Highly Confidential Discovery Material take action against the Receiving Party or anyone else covered by this Protective Order to enforce such a subpoena, demand or other

**STIPULATED PROTECTIVE ORDER**

legal process, the Receiving Party shall respond by setting forth the existence of this Protective Order.  The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a party in this action to disobey a lawful directive from another court.

21.    If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  If a party has inadvertently or mistakenly produced information subject to a claim of immunity or privilege, upon written request made by the producing party within twenty-one (21) days of discovery of such inadvertent or mistaken production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request whether or not the receiving party agrees with the claim.  All copies of inadvertently or mistakenly produced documents shall be destroyed, and any document or material information reflecting the contents of the inadvertently produced information shall be expunged.

///

///

///

///

///

///

///

///

///

**STIPULATED PROTECTIVE ORDER**

1    After taking these actions, the receiving party may move the Court in

2  accordance with Local Rule 37 to compel production based on a challenge to the

3  producing party's assertion of inadvertence, privilege, or immunity.

4    DATED:  March  ___, 2011      KNEAFSEY & FRIEND LLP

5

6                    By: _____

7                        Michele B. Friend
                      Attorneys for Defendant and Counterclaimant
8                      PULL'R HOLDING COMPANY, LLC

9  DATED:  March  __, 2011      MYERS ANDRAS SHERMAN LLP

10

11                   By: _____

12                       Joseph C. Andras
                     Attorneys for Plaintiff and Counterdefendant
13                    CUSTOM LEATHERCRAFT MFG. CO., INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM LEATHERCRAFT MFG. CO., INC., a California corporation, | Case No.  CV10-2399 JST (PLAx) |
| Plaintiff, | **UNDERTAKING RE STIPULATED PROTECTIVE ORDER** |
| vs. | |
| PULL'R HOLDING COMPANY, LLC, a Delaware limited liability company; and DOES 1 to 5, | |
| Defendant. | |
| PULL'R HOLDING COMPANY, LLC, a Delaware limited liability company | |
| Counterclaimant, | |
| vs. | |
| CUSTOM LEATHERCRAFT MFG. CO., INC., a California corporation, | |
| Counterdefendant. | |

**UNDERTAKING**

The undersigned hereby acknowledges that he or she has read the Protective Order Governing The Protection And Exchange of Confidential Material in the above-captioned action, entered on _____, 2011; that he or she understands the terms thereof, that he or she agrees to be bound by its terms; and that he or she consents to the jurisdiction of the United States District Court for the

- 18 -

**STIPULATED PROTECTIVE ORDER**

Central District of California in all matters concerning the Protective Order and this Undertaking.

DATE                                              Signature

Print Name and address:

Employer or Business Affiliation.

**STIPULATED PROTECTIVE ORDER**